[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a subrogation action against a demolition contractor (Darks) hired by the insured. (Burwell).
The facts developed during trial are rather straight forward.
In March of 1998, Burwell was seeking to have a lumber storage building demolished and sought out a bid from Darks. The parties walked the site and during the inspection Darks' representative inquired about two above ground oil tanks that had not been used since 1988. He wanted to know what Burwell was going to do with them and indicated that he would "take them away". Darks asked if the tanks had been cleaned. Burwell said no, but they had been drained so that there may be some residual.
On July 16, 1998, Darks sent a proposal to Burwell agreeing to demolish and remove the building and also remove the two 15,000 gallon abandoned oil tanks. The demolition started the same day.
While Darks' employees were clearing bush around the tanks with an apparatus with a grappler attachment, they accidently [accidentally] hit piping coming off the "south" tank bottom and oil began pouring out. Darks' employees attempted to stop the leak by shoving a rag into the CT Page 11618 opening and then applying a plumbers fitting wrapped in duct tape. This action stopped the leak. Darks' employees estimated that approximately fifty gallons had entered the environment. The State of Connecticut Department of Environmental Protection estimated the leakage to be five hundred gallons. Subsequent removal efforts from the tanks revealed that there was approximately one hundred and fifty gallons remaining in the offending tank. Put in percentages, it is reasonable to conclude that the "south" tank had approximately four percent of its capacity remaining in the tank as "residual". Darks' representatives never inspected the tanks before beginning its operation. Nor did they await the obligatory inspection of the tanks by the Fire Marshall.
Darks is an experienced company with the highest state certification possible in this area. The company is also experienced in the possible environmental consequences of demolition.
The court finds for Burwell's insurer. The court also finds that the Subrogation Receipt is sufficient evidence of the subrogation.
This damage was caused by the negligence and carelessness of the agents of Darks. In addition, had Darks waited for the Fire Marshalls inspection or performed its own inspection before operating near the tanks this situation could have been avoided. An inspection might have revealed the amount of oil in the "south" tank, and if a factor, perhaps resulted in a modified contract term concerning their removal.
Judgment shall enter for the plaintiff in the amount of $27,589.56. The court does not award interest.
By the court,
Gill, J.